IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DeSean Ingram,** | Case No. 1:23cv01271 |
| **Plaintiff,** | |
| -vs- | **JUDGE PAMELA A. BARKER** |
| **U.S. Government, et al.,** | **MEMORANDUM OPINION AND ORDER** |
| **Defendants.** | |

*Pro se* plaintiff DeSean Ingram filed this civil rights action against the U.S. Government, University Hospitals, the CDC (Centers for Disease Control and Prevention), and the NIH (National Institute of Health) (Doc. No. 1). And although not listed as defendants in the "Parties" section of the complaint, Plaintiff includes an attachment to the complaint that identifies the following entities as "defendants": the World Health Organization, the World Economic Forum, the FBI, the State of Ohio, Google, Facebook, XCorp/Twitter, Bill Gates, and Amazon. (Doc. No. 1-2).

For the following reasons, Plaintiff's complaint is dismissed.

**I. Background**

Plaintiff's 65-page complaint consists of disjointed and illogical statements. He cites as the basis for jurisdiction "Amendment 14. The Whole Constitution and federal law violated. Everything you can think of." His statement of claim is "All defendants and more are part of the biggest corruption in history." And for his request for relief, he states, "to get back healthy [and] have these psychos held accountable." (Doc. No. 1 at 3-4).

The complaint consists of a chronology of events from 2016 through 2023, which seemingly includes various illnesses and infections Plaintiff has experienced. Plaintiff states that while taking antibiotics, he came across a pathogenetic strain of Candida auris, which is considered a global threat; he was diagnosed with "bubble boy syndrome"; he should have been dead in February, June, and December; he was the first person to catch the coronavirus; he is getting "infections in the mail"; his building manager broke into his house; Joe Biden tripped over his feet on live TV again; it was a "very interesting month for Mr. Trump as well"; organic foods should be outlawed; while in the care of a doctor, all of Plaintiff's knowledge was "stolen and used for corruption"; all of the entities mentioned in the complaint "are psychos"; and "Android was there for the ride;" there are babies dying in hospitals; Facebook is a terrible company that "got lucky with Instagram"; and "these people are doing some terrible shit to the citizens and celebrities." (Doc. No. 1-2).

The complaint also includes several exhibits, including a copy of an email from University Hospitals concerning Plaintiff's medical condition, an article on Candida auris from the CDC, an article on Henrietta Lacks and HeLa Cells and Culture Contamination, and various purported screen shots of information concerning Plaintiff's medical condition. (*Id.*).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The district court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 328, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of*

*Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 32, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992). A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but he or she must provide more than "an unadorned, the defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* The Court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 92 L. Ed. 2d 209 (1986).

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III. Law and Analysis

Although this Court recognizes that *pro se* pleadings are to be held to a less stringent standard than formal pleadings drafted by lawyers, *Haines*, 404 U.S. at 520-21; *Jourdan v. Jabe*, 951 F.2d 108, 110 (6th Cir.1991), the Court is not required to conjure unpleaded facts or construct

claims against defendants on behalf of a *pro se* plaintiff. *See Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). The complaint must give the defendants fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Lillard v. Shelby Cty. Bd. of Edn.*, 76 F.3d 716, 724 (6th Cir.1996) (citation omitted). Additionally, the Court has discretion to refuse to accept without question the truth of Plaintiff's allegations when they are "clearly baseless," a term encompassing claims that may be fairly described as fanciful, fantastic, delusional, wholly incredible, or irrational. *Denton*, 504 at 32-33.

Here, Plaintiff's complaint fails to meet even the most liberal reading of the *Twombly* and *Iqbal* standard as his pleading fails to connect any alleged occurrence to any specific, cognizable injury, and he fails to coherently identify how the defendants harmed him. Additionally, Plaintiff's pleadings do not contain a decipherable legal claim within the jurisdiction of this Court or a proper request for relief. And his factual allegations are at times wholly incredible and irrational. Plaintiff's complaint therefore lacks an arguable basis in fact and fails to state a claim upon which relief may be granted.

### IV. Conclusion

Accordingly, Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) is granted, and his complaint (Doc. No. 1) is dismissed pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

Date: October 13, 2023

    s/*Pamela A. Barker*
PAMELA A. BARKER
U. S. DISTRICT JUDGE